# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMIE GREEN,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0563** (BOR Appeal No. 2052412)
                    (Claim No. 2015014580)

**KINGS #1 RENTALS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jamie Green, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kings #1 Rentals, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

The issues on appeal are additional compensable conditions and temporary total disability benefits. The claims administrator denied a request to reopen the claim for temporary total disability benefits on May 24, 2017. On July 5, 2017, it denied a request to add chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness to the claim. The Office of Judges affirmed the decisions in its December 20, 2017, Order. The Order was affirmed by the Board of Review on May 25, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Green, a construction worker, injured his right knee in the course of his employment on October 23, 2014. A November 3, 2014, treatment note from Broaddus Hospital indicates he reported right knee pain that started after a piece of pipe fell four feet and struck his knee just above the knee cap. The impression was right knee puncture wound and right knee contusion. Mr. Green was taken off of work until November 10, 2014. The claim was held compensable for right knee contusion.

1

On November 11, 2014, Lucas Pavlovich, M.D., saw Mr. Green and assessed right knee contusion and possible quadriceps injury with hematoma. He referred Mr. Green to physical therapy and for an MRI. The MRI was completed on December 12, 2014, and showed some swelling at the distal aspect of the superior patellar tendon and the infrapatellar fat pad. In an April 17, 2015, independent medical evaluation, Sushil Sethi, M.D., noted that the claim was compensable for a right knee contusion. Dr. Sethi concluded that Mr. Green had been through all available conservative treatment and that no further treatment would be likely to help. Mr. Green had reached maximum medical improvement, and Dr. Sethi assessed 1% impairment. On May 11, 2015, the claims administrator suspended temporary total disability benefits based on Dr. Sethi's finding that he had reached maximum medical improvement

Randall Short, D.O., performed a physician review on July 23, 2015, in which he was asked to review requests for medication, physical therapy, a repeat MRI, and a referral to pain management. Dr. Short concluded that all requests should be denied. He found that Mr. Green had undergone physical therapy and that an MRI showed some swelling in the superior patellar tendon and infrapatellar fat pad. Dr. Short opined that the diagnostic studies of record failed to support Mr. Green's reported symptoms. He found that the medical records support a knee contusion as a result of the compensable injury but that condition should have healed within six to eight weeks. Dr. Short concluded that Mr. Green had reached maximum medical improvement for the compensable injury.

A July 27, 2015, treatment note from Mary Washington Hospital indicates Mr. Green reported left leg pain that started eight months prior. He also reported symptoms in the right knee that radiated into his hip, leg, and lower back. The impression was right hip and knee pain. On September 2, 2015, Mr. Green returned to Mary Washington Hospital for left leg pain that radiated into the lower back and continued to worsen. He was again diagnosed with right hip and knee pain.

On October 5, 2015, Noma Rehman, M.D., treated Mr. Green for right foot numbness and tingling. X-rays and an MRI of the right knee were noted to be normal. Mr. Green had normal reflexes in both legs on examination with some weakness in the right leg. He was referred for an MRI of the lumbar spine and an EMG of the right leg.

Mr. Green testified in a deposition on October 15, 2015, that he was injured when part of a clay pipe fell and struck his knee. He stopped working that day and his boss took him home. He sought medical treatment the following Monday. Mr. Green asserted that he has had right hip pain since the compensable injury occurred. He now also has problems with right knee pain, lower back pain, sitting down, and standing up for long periods of time. He denied any prior injuries to his right knee, right quadriceps, or right hip.

Rebecca Thaxton, M.D., performed a physician review on October 29, 2015, in which she was asked to determine if a lumbar MRI and lower extremity EMG should be authorized. She found that the lumbar MRI was unnecessary as this was a right knee injury only. However, she determined that the EMG was reasonable and could rule out the possibility of peripheral nerve damage due to the compensable injury.

Mr. Green was treated by William Campbell, M.D., on January 12, 2016, for right foot numbness and tingling. He underwent an EMG which showed demyelinating polyneuropathy most consistent with a hereditary disease. There were no abnormalities that related to the compensable right knee injury. Dr. Campbell diagnosed Charcot Marie-Tooth disease.[1] A January 28, 2016, treatment note by Dr. Rehman indicates he reviewed the EMG, which was consistent with polyneuropathy. He agreed with the diagnosis of Charcot Marie-Tooth disease. In a February 15, 2016, physician review, Dr. Thaxton recommended that a referral for Charcot Marie-Tooth disease be denied as the disorder is hereditary and not related to the compensable injury.

A March 25, 2016, treatment note by Uriah Bentick from CVOSM indicates Mr. Green was seen for right knee pain. It was noted that he was injured at work. The assessments were lower extremity neuropathy and right knee contusion. It was noted that Mr. Green also has Charcot Marie-Tooth disease and that the symptoms were worsening. Mr. Green sought treatment with Bruce Reid, M.D., on February 23, 2017. Dr. Reid's notes indicate he diagnosed right knee contusion, traumatic dislocation of patellofemoral joint, derangement of the knee, and muscle weakness. He recommended an EMG. On March 13, 2017, Dr. Reid provided an injection for the right hip. He diagnosed mild osteoarthritis and chondromalacia of the right knee.

In a March 13, 2017, claim reopening application for temporary total disability benefits, Dr. Reid listed the diagnoses as chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness. Dr. Reid opined that the conditions are related to the compensable injury. It was noted that Mr. Green was not working. Dr. Reid left blank the question asking if there had been a progression or aggravation of the compensable injury. That same day, Dr. Reid completed a diagnosis update. He again listed the diagnoses as chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness. He stated the diagnoses were based on the MRI as well as a physical examination.

James Dauphin, M.D., performed a physician review on April 12, 2017, in which he was asked whether chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness were related to the compensable injury. He opined that it was more likely than not that the conditions predated the compensable injury and recommended they not be added to the claim. On May 24, 2017, the claims administrator denied a request to reopen the claim for temporary total disability benefits.

The StreetSelect Grievance Board determined on June 28, 2017, that chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness should not be added to the claim. The claim was held compensable for knee contusion. Mr. Green underwent physical therapy, and he was found to have reached maximum medical improvement. The Board concluded that the requested conditions are not related to the compensable injury that occurred nearly three years prior. On July 5, 2017, the claims administrator denied the request to add chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness to the claim.

---

[1] Charcot Marie-Tooth disease is a hereditary condition that damages nerves in the arms and legs.

On December 20, 2017, the Office of Judges affirmed the claims administrator's decisions denying a request to reopen the claim for temporary total disability benefits and denying the addition of chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness to the claim. It found that the claims administrator's denial of the request to reopen the claim was based on the reopening application and Dr. Dauphin's physician review. The claim reopening application was completed by Dr. Reid, who failed to answer the question as to whether there had been a progression or aggravation of the compensable injury. He stated that the question was inapplicable since Mr. Green was not working. The Office of Judges found that the findings of Dr. Dauphin and the StreetSelect Grievance Board were the most persuasive. They both concluded that there had been no aggravation or progression of the compensable right knee contusion.

Regarding the additional compensable conditions, the Office of Judges again determined that the findings of the StreetSelect Grievance Board and Dr. Dauphin were the most persuasive of record. Dr. Dauphin found that the December 12, 2014, MRI showed some swelling in the superior patellar tendon and infra patellar fat pad, which is consistent with a knee injury. An EMG was performed and showed Charcot Marie-Tooth disease but no injury related nerve damage. Dr. Dauphin found that the compensable diagnosis was right knee contusion, which should have resolved in four to eight weeks. He found it more likely than not that the requested additional conditions preexisted the compensable injury. The StreetSelect Grievance Board found that the claim was held compensable for knee contusion. Mr. Green underwent physical therapy, and he was found to have reached maximum medical improvement in 2014. The Board concluded that the requested conditions are not related to the compensable injury that occurred nearly three years prior. The Office of Judges therefore affirmed the denial of the additional compensable conditions. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 25, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Green sustained a right knee contusion, underwent conservative care, and reached maximum medical improvement. The requests for temporary total disability benefits and the addition of chondromalacia patella, half of fat pad impingement prepatellar bursitis, trochanteric bursitis, and muscle weakness to the claim were made three years after the compensable injury occurred. A preponderance of the evidence supports the Board of Review's affirmation of the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

4

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison